ABRAHAM GOLDMAN, Appellant, v. FARGO IRON & METAL COMPANY, a Corporation, Respondent.

(175 N. W. 728.)

**Bankruptcy — effect of promise to pay debt regardless of discharge in bankruptcy — promise is sustained by the evidence.**

In this case the verdict is well sustained by the evidence, the facts and the probability.

Opinion filed December 3, 1919.

Appeal from the District Court of Cass County, Honorable *A. T. Cole*, J.

From a verdict in favor of defendant on its counterclaim, plaintiff appeals.

Affirmed.

*Harry Lashkowitz,* for appellant.

"A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." Comp. Laws 1913, § 5903; Deacon v. Mattision, 11 N. D. 190.

A custom or usage which is repugnant to the terms of an express contract is not permissible to operate against it, and evidence of it is inadmissible; for while such evidence may be admissible to operate what is doubtful, it is never admissible to operate what is clear. 12 Cyc. 1091; Kees v. Christensen, 144 N. W. 766; Cavers Elevator Co. v. Dodge Elevator Co. 171 N. W. 696; Lasshore etc. v. Richards (Ill.) 18 N. E. 794; Ryan v. Dubuke, 83 N. W. 1073; Melcoke v. Chicago etc. R. Co. 74 N. W. 301; Kearey v. Thuett, 50 N. W. 126; Apking v. Hoffer, 104 N. W. 177; McDuffee v. Caldwell, 173 N. W. 355; Young v. Metcalf Land Co. 18 N. D. 441; Washabough v. Hall, 4 S. D. 160, 56 N. W. 82; Robert v. Minn. Thresh. Mach. Co. (S. D.) 67 N. W. 607.

While by a discharge in bankruptcy the debts of the bankrupt are extinguished through the expression of the law, a subsequent promise, together with the moral obligation, may revive or recreate the debt. Bartlett v. Peck, 5 La. Ann. 669; Jacobs v. Carpenter, 151 Mass. 16, 36 N. E. 676; Coo v. Rosene, 38 L.R.A.(N.S.) 577; Mattheson v. Needham, 122 N. Y. 408; Brewer v. Boynton, 39 N. W. 49; Scheper v. Briggs, 28 App. Div. 115, N. Y. Supp. 869.

There must be an unconditional promise to pay the debt, an acknowledgment of the debt for which a promise to pay is to be implied. 25 Cyc. 1325.

*Barnett & Richardson,* for respondent.

ROBINSON, J. This is an appeal from a verdict and a judgment against the plaintiff for $395.07 and interest. The complaint avers that in July, 1916, by telegrams and letters, the plaintiff agreed to purchase, and the defendants to sell to him, 300 tons of scrap iron, to be shipped to the plaintiff f. o. b. at Steelton, Minnesota, during the months of August, September, October, November, and December, 1916. The defendants did not ship or deliver the scrap iron, though plaintiff avers that he was ready and willing to receive and pay for same, to his damage, $1,881. On the trial it appeared that during the months of August, September, and October there was an embargo on shipments,

43 N. D.—31.

and during that time Goldman forbade the defendants to make shipments and thereby released defendants from the terms of the contract. They had not agreed to make all the shipments in November and December. On this cause of action the jury found in favor of the defendants, and the verdict is well sustained by the testimony. .

The second part of the verdict and the judgment is on a counterclaim, which avers that prior to July 1, 1916, the plaintiff was indebted to the defendants in the sum of $5,000 for goods, wares, and merchandise sold and delivered to him at his request; that after receiving such goods and merchandise, to wit, in February, 1915, the plaintiff was adjudged bankrupt and discharged from his debts, and that afterwards, in 1916, the plaintiff did promise and agree with the defendants to pay the sum due to them regardless of the bankruptcy proceedings. He admits that the sum due was $395.07 and interest. For that sum, as it appears, on December 11, 1911, Goldman made to defendants a promissory note, and thereby, for value received, promised in four months' time from date to pay defendants $395.07, with interest at 7 per cent. The verdict was for the sum due on that note, and Goldman admits that it had not been paid. He had owed the defendants several thousand dollars on other notes and acceptances, but it seems the same had been transferred to the bank, so that when Goldman went into bankruptcy, there was due to the defendants the sum of $395.07 and interest. On this counterclaim there was no dispute, only in regard to the subsequent promise of Goldman. He flatly denied the promise. William Andrew, secretary of the defendant company, testified that at Fargo in 1916, in the presence of himself and Sam Paper, the president of the company, Goldman said that as soon as he got through the bankruptcy proceeding, "you boys won't suffer any loss from me; you won't lose a cent." Sam Paper testifies: "I said to Mr. Goldman, 'What are you going to do in the bankruptcy proceeding; what is going to happen to us?' He said: 'You boys don't worry. As soon as I get through with my bankruptcy I will pay you every cent.' " Then there are other facts and circumstances pointing strongly in the same direction. The parties were entering upon a new deal, and Goldman wanted to give assurances of his honesty, and of course the bankruptcy proceeding did not pay the debt nor in any way discharge the moral obligation to pay it.

On the record we assume, as did the jury, that Mr. Goldman is as honest as gold; that the moral obligation to pay the debt weighed heavily on his conscience; that he was anxious to continue on friendly and good business relations with the defendants. Hence, it was but natural that he should promise to pay every cent, and, also, he was advancing in years and doubtless contemplated on pride and satisfaction in going with a good conscience to the better land, there to meet his illustrious and honest ancestors, Abraham, Isaac, and Jacob.

Judgment affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, J., concur.

BRONSON and GRACE, JJ., concur in the result.